OPINION
{¶ 1} Drew Martin is appealing the sentence of the trial court after his plea of guilty to two felony counts, carrying a concealed weapon, a felony of the fourth degree, and for having weapons under disability, a felony of the fifth degree.
 {¶ 2} The trial court was authorized to impose a prison term under the law because appellant was convicted of a fourth and fifth degree felony offense, and the court explained why it was not going to go along with the recommendation of the Probation Department for community control sanctions because although this was appellant's first felony conviction as an adult, it is not appellant's first felony offense. The court explained that appellant was an adjudicated delinquent for committing an aggravated robbery in 2000, and received a suspended commitment to the Department of Youth Services, and in 2002, appellant actually served time at the Department of Youth Services. The trial court explained that while the recommendation was for probation, it could not go along with that for a number of reasons, first that it was his first adult felony: "But that is because you were three months short of your 18th birthday when you committed this offense. And prior to that, you had in 2000 an aggravated robbery as a juvenile with a suspended commitment to the department of youth services. Obviously, you got a chance there. That didn't help. You had a burglary in 2002; you had a receiving stolen property in 2002." (Tr. 13).
 {¶ 3} The court then continued: "Since you have been out, you have also had a disorderly conduct, which — but what bothers me most is the facts of this case, though. There was a report of a young male with a gun carrying a yellow book bag walking down Williams Street. And when you were finally apprehended in August, you had a nine millimeter Tech nine handgun with 34 live rounds in the magazine, a black winter ski mask, and I assume you weren't going skiing in August, latex gloves, and a roll of electrical tape. That's a robbery, and maybe even a shooting, waiting to happen. And at that time, it is my understanding that you even made some crack about probation, if you were — 1 if you were bound over as an adult." Id.
 {¶ 4} The appellant was sentenced to concurrent prison terms of sixteen months for carrying a concealed weapon and ten months for having weapons under disability. He is appealing from both the prison sentence and the length of his incarceration.
 {¶ 5} Appellant presents two assignments of error, the first being that the trial court erred in sentencing him to a prison term. We find no merit in this assignment of error. The trial court had authority to impose a prison sentence under R.C. 2929.13(B)(2)(a) because it clearly found that a community control sanction was not consistent with the purposes and principles of felony sentencing. The trial court clearly found that the appellant was discovered with tools that certainly indicated that he was not up to defensive purposes by having a gun, but rather was up to aggressive purposes with the tools in his kit. These facts were presented in the presentence investigative report, and the court is certainly entitled to rely upon that in fashioning its sentence; otherwise, why should there be a presentence investigative report? Finally, as the appellee points out, defendant's plea of guilty to carrying a concealed weapon and having weapons following a disability would be sufficient to conclude that community control would not be consistent with the purposes and principles of felony sentencing due to his prior delinquency and criminal record.
 {¶ 6} In his second and last assignment of error, appellant argues that the trial court erred by not imposing the shortest prison term.
 {¶ 7} The trial court, however, made the requisite findings that "a six-month sentence would not adequately protect the public" because of the appellant's extensive criminal record and his previous incarceration.
 {¶ 8} Both assignments of error are overruled and the judgment is affirmed.
Wolff, J. and Donovan, J., concur.